Cornetta, Roberta.,
J. On August 30, 2010, after hearing, this Court denied the defendant’s motion seeking to dismiss this matter upon a Rule 12 basis. At that time, the Court concluded that allowance of a Rule 12 motion was premature inasmuch as the parties should be permitted to engage in discovery to create a better record before the Court.
That process has now taken place, and the defendant has now moved for summary judgment pursuant to Rule 56.
After hearing, and consideration of the parties’ submissions, the defendant’s motion is now ALLOWED and judgment shall be ordered entered for the defendant in this matter, dismissing it with prejudice.
The key issue presented to this Court upon a Rule 56 motion is whether or not there are genuine issues of material fact to present to a fact finder for determination at trial or, whether as a matter of law, a party is entitled to summary judgment (citations omitted).
Here, the facts are not in dispute. The defendant’s agent at the time of Donald F. Strong’s incident in extremis undertook to immediately assist him. The agent ordered that emergency 911 be called, instructed personnel to be on the lookout for the arrival of the ambulance, undertook cardiopulmonary resuscitation of Mr. Strong multiple times and did not employ an automatic external defibrillator (“AED”) that was available.
The defendant’s agent’s conduct in this incident is governed by G.L.c. 112, §12V and G.L.c. 93, §86. The standard set by both statutes in order to establish liability on the part of the defendant in this case is that of gross negligence or willful, wanton misconduct
Taken in a light most favorable to the plaintiff in this case, the record of now before this Court, as a *107 matter of law establishes that there is no liability associated with the conduct of the defendant’s agent on that fateful day.
There is no duty imposed upon non-emergency medical care (“EMS”) third-party intervenors under circumstances set out in the record in this case to utilize an AED. While it may be most prudent to have such devices readily available and to have non-EMS personnel trained in how to use such devices, the law does not affix liability upon such persons for not using the same. And, there are good and sufficient public health and public policy considerations which transcend the facts in this case as reasons for not mandating the same. Thus, this Court declines to establish a higher standard at common law.
ORDER FOR ENTRY OF JUDGMENT:
After hearing and review of the parties’ submissions in this matter and based upon findings of fact made, the defendant’s summary judgment motion is now ALLOWED and judgment of dismissal shall now be entered upon the docket by the Clerk Magistrate.
Notice shall be provided to the parties pursuant to Rule 58.